Madam Clerk, would you call the first case, please? 18-2197 Michael W. Shackman v. Illinois Department of Revenue and Law Would both counsels step up, please? And the microphone does not amplify, it's a recording mechanism, so if you could please speak into the microphone and state your name and the parties you're representing. Diane Klotnia on behalf of Michael Shackman individually and as the trustee of his revocable trust. Thank you. Carl Elitz on behalf of the Illinois Department of Revenue, Your Honor. Okay, thank you. First of all, I just want to mention our colleague, Justice Gordon, could not be here this morning, but he will be listening to this on a recording and will be participating in the decision as well. But I just wanted to make sure I pointed that out. So 15 minutes apiece. You want some time for rebuttal? I'll stay a few minutes, three minutes for rebuttal, Your Honor. Three minutes for rebuttal? Okay, all right. Thank you. Good morning. May it please the Court? Good morning. As I said, my name is Diane Klotnia. I represent Michael Shackman. Mr. Shackman is here both individually and in his capacity as the sole trustee of his revocable trust. He's also my co-counsel and is sitting at counsel table. That's no pressure at all. Excuse me? No pressure at all on you. You know, he stands up and kicks me. I hope not. We're here because Mr. Shackman, in the words of the trial court, and I quote, essentially incurred a double tax simply by engaging in routine estate planning. Close quote. That ruling and the state's imposition of a double tax is contrary to the plain language of the aircraft use tax and the economic realities of the change in title. The state imposed the first tax in 2008. That is when Mr. Shackman bought his glider plane and acquired the privilege of using it. The state imposed a second tax on him in 2018 because Mr. Shackman had re-registered the title on his plane to his own name as trustee of his own revocable trust. Ms. Klotnia, isn't it correct, correct me if your position is different than this, your position is that he remains the exact same owner from the time he owns the plane in 2008 to the time he becomes a trustee of the revocable trust. He retains all the aspects of ownership from those various times. However, when he becomes trustee of the trust, he incurs a fiduciary duty to that trust, does he not? That he does not have when he is simply the owner of the aircraft. He would be a fiduciary. He is a trustee of his trust. That's correct. So the ownership is not identical. The trust, a revocable trust, unlike an irrevocable trust, is really identical with the individual who created the trust and is a beneficiary and trustee of the trust. There's no separate, for purposes of taxation, for example, Federal tax. There's no separate entity that's taxed. It's taxed through Mr. Shackman individually. So you are correct that he has a hat as a trustee. He has a hat as a beneficiary. He has a hat as a settler. But he also is the only person under the terms of the trust who can control, individually, the disposition of the plane and the use of the plane. So is it your position, then, that the fact that he has additional responsibilities as the trustee of the trust does not change the aspect of ownership? It doesn't change the aspect of who has the privilege of using the glider and that aspect of ownership. That remained with Mr. Shackman under the terms of the trust. He retained control over the disposition of all the assets of the trust, including the plane. Okay. So when we're talking about the aircraft use tax, that is unique to Cook County, correct? It's not governed by Federal taxation law. It's a State law use tax. That's correct. Okay. So the cases that you cite, the U.S. Supreme Court cases that you cite with regard to revocable trust, they are not interpreting this statute. Is that correct? No, they're not interpreting this particular statute. They're interpreting what the effect is of making a transfer to a revocable trust, which I think is the same whether you're looking at it from a Federal law perspective or a State law perspective. Has there ever been a case in Illinois interpreting either the aircraft use tax in the way that you're asking us to interpret it or finding that having his position as trustee of a revocable trust does not change ownership? There is – well, let me start off with two questions. Two questions. I will agree, this is a case of first impression. This case, as far as I know, the aircraft use tax and whether or not a transfer to a revocable trust is a taxable event is a matter of first impression. I don't think, by the way, that this is the first time that that tax has been imposed. The cost, the tax is a burden for the individual but relatively small to the cost of challenging the imposition of the tax. So I suspect that this happens repeatedly and under other use taxes. So in answering your questions, it's a case of first impression. Whether or not there have been other cases in Illinois, I believe it's a – I mispronounced the name, I think it's S-O-L-T-Y-S – is a case where the court looked at whether a transfer to a land trust was a transfer that could be disregarded and the court found that it was really not a separate entity for purposes of taxing. But I don't think there is – I don't think I have a case in Illinois about the transfer to a revocable trust for purposes of a use tax. Thank you. You're welcome. To reach what I think is an erroneous conclusion that a second tax is allowed, the trial court ignored some bedrock principles of governing – that govern construction of taxing statutes. It ignored the plain language of the aircraft use tax. It ignored the principle that any doubts the court may have had about the language should have been construed in favor of the taxpayer and against taxation. And it ignored the economic realities doctrine that an exalted form over substance. And that doctrine is a doctrine this court has recognized and has recognized in J.I. Aviation as a universally accepted doctrine. The aircraft use tax specifically provides that you can tax them based on a purchase, a gift, or a transfer, right? It says you can – the privilege of – right. If you acquire the privilege of using by gift, transfer, or purchase, correct. Okay. So we're all in agreement that it was a transfer. We're just disagreeing on whether it's a significant transfer which changed the ownership. Well, I disagree with that. We don't agree that there's been a transfer of the privilege of using, which I think is what the Tax Act is concerned about. There's been no change in who has been able to use the aircraft. It continued to be – it was with Mr. Shackman individually. And under the terms of the trust, the fact that the title is now held by the trustee, Mr. Shackman as the trustee, doesn't change the fact that Mr. Shackman is the person who has the privilege of using the aircraft. That hasn't changed. Would your argument have to change if it was transferred into an irrevocable trust? Would Mr. Shackman still as the trustee? I think it would depend on the terms of the trust. It could. If the privilege of using the glider was transferred to somebody else other than Mr. Shackman by the terms of the trust, it could. But in this case, it's a revocable trust, and that change hasn't happened. One day, you know, if either Mr. Shackman revokes it or, you know, everyone dies one day, that trust will become irrevocable, and then there may be a taxable event. But I'm not – but not now. Not yet. Not so long as Mr. Shackman is the person who's benefiting from the privilege of using the plane. And that hasn't changed. I'd like to switch to something else. So the Department's argument here is that it's just basically that we should look at the statute and look at the intent of the statute, and that's all that we should really kind of apply in this case. But you cite some cases that are not from this jurisdiction, they're from other jurisdictions, and then they say that those are not applicable in this case. So, you know, why is their argument – is their argument plausible? Their argument that the cases are not applicable in this jurisdiction? Yes. They certainly are not finding precedent on this court, but the court has previously looked to other states' rulings, other – the Supreme Court ruling, to give guidance as to how this court should apply the laws in Illinois. So I think it certainly is – it's important rulings. They are the only rulings. I don't think the state has identified any ruling that goes to the contrary, that finds that a transfer to revocable trust is a complete transfer for purposes of taxing. So I think they're important to look at, but I agree they're not binding on the court. I think the state's position is actually interesting because I think it has changed over time. It's evolved. And if you look at page 17 of their brief, and I'll jump ahead to that part of my argument, in their brief, they – the state – let me back up for a second. The trial court found – created this kind of bright-line rule. It said – the trial court said, I don't care what the economic realities are. I don't care about the substance of the transaction. All I care about is that FAA registration forms showed a change in title, and that's the bright-line test we're going to apply. Even the state doesn't try to defend that. The state says, and I quote from page 17 of their brief, the department is not arguing that a mere change of the owner listed in the FAA database triggers use taxation, close quote. According to the state, what matters is whether or not the sufficient aspects of ownership were also transferred along with the title. But having conceded that title doesn't control, the transfer in title doesn't control, the state has also necessarily conceded that it's important to look behind the form of the transaction and substance to see who actually controls this glider, who actually has the benefit and the privilege of using this glider. And we agree. You do need to look. You could – well, I think you can go with the plain language, but the economic realities are consistent. If you look behind the transaction, the person who owns this glider, the person who controls this glider and uses this glider, is the same person in 2014, 2018, as it was in 2008. It was Mr. Shackman. Nothing has changed. That's because a revocable trust allows Mr. Shackman to, one, under the terms, control the disposition of the plane. That's express. The state, in their brief, refers to the inability to encumber the plane because the trustee has control of the title. But they don't point out. They don't look at. They don't deny any of the aspects of the trust agreement. And the trust agreement makes it clear that Mr. Shackman individually, not as trustee, Mr. Shackman individually retained those powers, retains the power to control the disposition of the assets of the trust, and that includes this plane. So having conceded that you can't rely on the title and you have to look behind the title to the substance of the transaction, I think that when you look behind that form, it's clear that Mr. Shackman is still the owner and the controller of this plane. So long as that trust is revocable, so long as Mr. Shackman retains the power to modify or control the disposition in terms of the trust and the disposition of the trust assets, he's the owner for purposes of taxing. It's him. Mr. Shackman, in fact, in 2008, when the first taxes paid, Mr. Shackman paid the tax individually. In 2018, when he paid the tax under protest, Mr. Shackman paid that tax again because Mr. Shackman is the person who is responsible for all the operation and maintenance and expenses related to the glider plane. It's those aspects of the economic realities of this transaction that control. And on that point, there is law. From this court, J.I. Aviation looked behind a very complicated three-party agreement that included a party as a conduit that served both as purchaser and seller and title passed through that third party. And the court looked behind those complicated facts to determine whether or not the economic realities showed that that conduit, that middle party was actually an entity that had held title for purposes of taxing or not. And it found it wasn't. Under the governing agreements, it was just a conduit. It was just passing title for purposes of facilitating the agreement between the two main parties. That's this law. That law is binding on this court. That's first district rule. That's a first district ruling. And it says that economic realities matter when you're looking at taxes, and that matters here. The economic realities here are entirely with Mr. Shackman individually. Nothing has changed. There's no basis to impose a second tax. Let's see if I can give you. As I mentioned, I can talk about the plain language, but I think we've covered it adequately in our brief. There is also, as I said, if there are any doubts, Van Materials, which is a Supreme Court case that says any doubts on the construction of the taxing statute  or the construction of the statute itself, the doubts should be resolved in favor of the taxpayer and against taxation, not in favor of taxation. That's another way in which the trial court went wrong, and I'm hoping this court will correct. But the consequences, as I said, of this case, while it's a case of first impression, the consequences go beyond this aircraft use tax in this particular case. That same kind of taxing language is used in at least two other statutes. The watercraft use tax imposes a tax on the privilege of using a boat or other watercraft. The vehicle use tax imposes a tax on the privilege of using a car or other vehicle. Under the ruling of the trial court and under the state's position, if individuals choose as part of their lawful estate plan to transfer title to those vehicles or that boat or that plane to their individual and to their revocable trust, to themselves as the trustee of their revocable trust, as part of their lawful estate plan. But isn't that a correction that would need to be done by the legislature? Because the plain language of the statute, as it reads now, says you transfer title, you're getting taxed. So wouldn't that have to be a caveat that the legislature addresses, that if you are transferring it solely for the purpose of estate planning, that that gives you an exemption? They have listed exemptions to this tax, isn't that correct? And this isn't one of them. Well, because that is actually taking it backwards. We're not asking for an exemption. We're not saying that an exemption applies. We're saying that ab initio, this statute doesn't apply. And I disagree respectfully that you will not find the word title in the aircraft use tax. It taxes the privilege of using an aircraft, in this case a glider, that's acquired by purchase, transfer, or gift. It's the privilege of using. It's not title. So you don't have, it's not the legislative correction that needs to be made. I think the plain language makes clear that tax doesn't apply when you haven't actually transferred the privilege of using it. If they meant title, I suppose they could have said so, and we would have a different argument. I'm not sure they would win on that one either, but it's a different argument. This is a privilege of using, and the privilege of using hasn't changed one bit. And if you think, as I said, that there's some ambiguity about it, this Court should construe that ambiguity in favor of Mr. Shackman, because we're looking at the taxing statute, not the exemptions to the statute. The exemptions in this case don't matter. We're not relying on those. Well, what about the question about the title? I mean, they refer to your client as the legal person. So individually, Mr. Shackman, before the trust was created, owned a plain. But now it's Mr. Shackman, the trustee. So even though he's the same person, his status in the law has changed, because he's no longer the individual owning the plain, but he's actually a trustee. He is the trustee of the revocable trust, and I think that's a distinction. The revocable trust and Mr. Shackman are not really different. They are really one and the same for this purpose. And I think the terms of the trust agreement also make clear that Mr. Shackman individually, not as a trustee, but Mr. Shackman individually, so long as he is with us, he is able to control the disposition of those assets that are in that trust, including this glider. He could take the trust out. He could take the glider out of the trust. He could do whatever he wants with it. He has complete control and dominion over the glider. And that is actually the language, I believe, at Stanford, which is the U.S. Supreme Court case. They looked at whether who has dominion over the assets. It's Mr. Shackman. Mr. Shackman created the trust. Mr. Shackman is the sole trustee of the trust. Mr. Shackman is his current beneficiary. And on top of that, Mr. Shackman individually controls the maintenance, the disposition, and anything else related to the glider. Further, if there is any doubt about his ability to control the assets of the trust, Mr. Shackman also retained for himself the right to change the terms of the trust at any time, to revoke the trust at any time. He could dissolve it if he wishes. That's because it's revocable. There's nothing permanent, and it's nothing complete about any transfer to this trust. And that's the important aspects of both the U.S. Supreme Court cases that we cited and the Mississippi and Oklahoma cases. Mississippi, actually, in that case, there was a transfer of title under the statute that was a taxable event. And even in that case, the court said we have to look behind the title. It's not the title transfer. You have to look at whether or not the use is transferred. Has there been a change, really, in who owns and controls and has dominion over the trust assets? I think in that case it was a car. The court found it didn't and found it was not a taxable event. I think the same thing applies here. As I said, this tax, it does have broader implications. It does go beyond the state's view. It goes beyond this aircraft use tax. It applies to the watercraft use tax, the vehicle use tax. And it creates a trap for the unwary, people who are engaging in routine estate planning that are preparing for the future when they are no longer here. They're preparing, and they're transferring title to the revocable trust. And they can take the title, as I said, in and out of the trust as they choose. And by doing so, by putting it into their trust, and their name is the trustee of the revocable trust, they're exposing themselves, in the state's view, to a second tax. Then ask yourself, what happens if estate plans change and you decide to take an asset out of the trust and retitle it back in the name of the individual? Is that a third tax? There really is no end to the number of times that you might, as part of your estate plan, change your assets. People adjust assets all the time. It shouldn't expose them to further use taxes. So we ask that this court reverse and remand. Excuse me, let me just double check. All right. We ask that the court. I didn't get kicked, so that's good. We ask that you reverse and remand with directions to return the money to Mr. Jackman, the one with interest. And you have three minutes for rebuttal. Thank you. Good morning. Good morning, Your Honors. Illinois Assistant Attorney General Carl Elitz for the Department of Revenue. Your Honor, our argument is essentially that the court should review the language of the Act and apply it as it's written. Counsel has sort of overlooked some of the terms of the Act that are controlling this case. The Act imposes a tax on using any aircraft acquired by gift, purchase, or transfer. The language that is important here is using, acquired, and transfer. Using is not defined by the Act, but the Act does provide that the definitions in the Use Tax Act are the same. And there is a definition for use in the Use Tax Act. It's the exercise by any person of any right or power over tangible personal property incident to the ownership of the property. It doesn't look to who is able to get the benefit of using the property in the sense that a person could fly the airplane or enjoy the aircraft. The question is whether there is the exercise of power over the aircraft. That's what has been part of the statute that is subject to tax. And with regard to the use, the word acquired means the power to dispose of the property. Who has the power to dispose of the property? Well, when Mr. Shackman purchased the glider, he did. But once he transferred it to a trust that has terms that put limits on him, now the trust has the power to dispose of that property. But what about their argument that nothing really has changed? I mean, he's still the same individual that he was before he became the trustee. You know, he had the same exercise of control, power, disposition of the aircraft as he does now as the trustee, so nothing's really changed. Respectfully, we disagree with that. He can't sell that aircraft. He can't walk into a bank and ask for a loan based on that property as a mortgage. He'd have to change the trust to do that, or he'd have to take some power out of the trust that he currently put into the trust. And when he filed this form, which is in the record, page A89, it's an appendix item in their brief, C268 in the record, he says very clearly that he has all the power over the aircraft and he wants to transfer it to the trust. He says, in fact, that he was going to pay a dollar for that, the trust was paying a dollar for that privilege and other valuable consideration. This document lists Mr. Shackman as the seller of the plane and the trust as the purchaser of the plane. So at this moment in time, there was no doubt of what was in Mr. Shackman's mind, which was to transfer this aircraft away from his personal self and into the trust. That was important, I assume, because he didn't want the plane to be probated should he die. The trust is not really Mr. Shackman. The trust will outlive Mr. Shackman. So they're different entities. In other words, there's a different legal reality before this transfer than after the transfer. So there is a taxable event. And there is, in fact, the language of the Act says that there's tax. The J.I. Aviation case that my opponent cites was decided under the former statute or the use tax statute, which doesn't now apply to aircraft. The new statute is the statute that I'm citing that has these provisions. So under the old statute, when the court looked at the economic reality, that made sense because there was a question about that. But under the new statute, the General Assembly has made clear that aircraft, unlike most other personal property, doesn't have to be sold at retail to be taxed. It's taxed whenever there's a transfer. The cases they cite are typically gift tax cases. Gifts are different. Gifts are not completed until there's delivery of the thing that's given. That's why a revocable trust doesn't affect the gift because the giver hasn't really delivered the thing that he's given to the grantee. And we're not arguing that this is taxable as a gift. Our argument is that it's taxable as a transfer. I said in the brief that I wasn't arguing that the filing of this form created the tax liability because the Act doesn't say that the filing of a title form causes tax liability. The Act requires a transfer of something, a use of something that is acquired. But that definition of use is really important because throughout their brief, they continue to say Mr. Shackman still enjoys the aircraft. Mr. Shackman still can fly the aircraft. That's all true. But that isn't by his right as an individual. That's now because he's the beneficiary of the trust, and the trust allows him to do that. Counsel said that there aren't cases because it's costly to challenge these types of taxes, but as they discovered in this case or as they know from this case, it's fairly easy to challenge a tax under the Protest Monies Act. In fact, there's interest payments if they're correct and we're wrong. So there's no reason why a litigant would say it's costly to challenge these taxes. There's a procedure and it's not hard to do it all. The JB4 case is the one that was decided under the current statute, and it's very helpful in determining what the General Assembly intended with regard to this particular fact pattern. In JB4, an LLC owned an aircraft, and the owner of the LLC, the sole owner of the LLC, said that he was not subject to tax when he brought the plane into the state of Illinois because there was no tax on individuals who own aircraft. And the Department of Revenue said, an individual doesn't own this aircraft. An LLC owns this aircraft. And he argued, well, I'm the same as the LLC. It's just me. And the court said, no, that's not right. The court went through the tax statute, this statute, and came to the conclusion that under the language of the statute, there was a tax imposed. The court did not reach the economic reality test as a matter of deciding the case. In fact, they said they wouldn't need to because the act was clear. They said if the act were not clear, they'd look to the economic reality test. Now, the same logic should apply here. To the extent that this statute is clear, it imposes a tax, the case should be decided on that ground. I don't concede that an economic reality test should be applied, but if the court were to find that the statute is ambiguous in some way and the court were to apply the economic reality test, the economic reality here is there's a change of ownership. There's a transfer of the aircraft. There should be a tax for the reasons that I just argued. So when their brief goes on and on about economic reality, they're really sidestepping the whole issue about whether the language of the tax reaches this transfer. The point I'd like to make, I think the one I want to emphasize as I stand here, is that definition of use has just sort of been ignored. I'm sorry, it's what? The definition of use in the Use Tax Act has been ignored. There really is exercise of powers over this aircraft by the trust that didn't exist before the trust. And as Your Honor pointed out, there are new fiduciary duties on Mr. Shackman as a trustee that didn't exist prior to the filing of the transfer form. So that also changes the ownership interest and gives the state the option of taxing, which it has done under the Act. If there are no questions, I'd ask that the Court affirm the Circuit Court. Thank you. Thank you. So I have a couple of responses. I'd like to start off with what I think is, again, the state's concession. The state recognizes that if Mr. Shackman has the power to dispose of his plane, to sell it, that he is actually the owner of the plane, even though the title is held by the replicable trust or his name is trustee of that trust. What the state fails to do and has failed to do again is to actually look at the language of the trust agreement. And I would like to read to you some parts of the trust agreement in Section 8.19, which are the settler's investment powers. It says, notwithstanding the general investment powers of the trustee, while I am living, referring to Mr. Shackman, and not unable to manage my affairs, A, I shall have the power to direct the retention or sale of any trust assets and the purchase of property with any principal cash in trust. B, I shall have the sole investment, voting, and management responsibility, and the trustees shall have no such responsibility for the following assets in the trust. And the first one under Romanet I is all non-marketable assets in the trust, including tangible personal property. And it goes on from there. At the end of that same section, it says, if I, again referring to Mr. Shackman individually, have investment responsibility for an asset, the trustee shall sell the asset and deal with it only upon my written direction. Under the terms of this trust agreement, Mr. Shackman retained the very powers that the state says shows who has ownership and control of the trust asset. It's Mr. Shackman. You had asked, Your Honor, you had asked whether or not Mr. Shackman owed fiduciary duties as trustee. He does, but he owes those duties to himself. He's the beneficiary of the trust. He's the trustee. They're contingent beneficiaries, but he retains all the power to revoke the trust or amend the trust terms at any time. The reference to the FAA form, Mr. Shackman was required to register the title with the FAA because he had transferred title to himself as trustee. That's the form he's required to use. It's not a form that he created. It's not a separate document that he created in order to transfer title. He was just, he was complying with the FAA regulations that required that particular form. The reference, the counsel said that the trust, this trust will outlive Mr. Shackman. That's also not correct. This revocable trust converts to a different trust, an irrevocable trust upon Mr. Shackman's death. It does not outlive him. It, in fact, converts to a different entity. It becomes a legal trust, a separate trust from Mr. Shackman. The counsel also said that the only cases we referred to were gift tax cases. I agree that I could not find a case on the aircraft use tax, but Mississippi and Oklahoma are use tax cases. And those cases looked at not whether it was title, but they looked at who had the beneficial interest after the transfer of the title. And that's what control, and that's what should control here as well. The JB4 case, which we discuss in our brief, that's an exemption case, and exemptions are construed differently. Exemptions are construed against the taxpayer. There is the burden of showing that an exemption applies. In that case, the exemptions, there were two exemptions. One exemption was for individuals, and the second exemption was for businesses, and businesses included LLCs. And so the court found the taxpayer had not met the burden of showing an LLC as subject to an individual tax exemption. Excuse me one second. That's all I have. Unless you have some questions, we again ask that you brief us in remand. Kudos to you for not being distracted by the riot outside. Thank you. Thank you. All right. We want to thank counsels for a well-argued matter and presenting us with a very interesting question. And this court will take it under advisement, and we are adjourned at this point in time.